**RYAN ELLIS LAW CORPORATION**
Ryan A. Ellis, Esq. (SBN: 272868)
3268 Governor Drive, Suite 140
San Diego, CA 92122
Telephone: (858) 247-2000
Email: ryan@ryanellislaw.com

*Attorneys for Defendant/Third Party Plaintiff*
Ignite International, Ltd.

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| CALEY RAE PAVILLARD, an individual,<br><br>Plaintiff,<br><br>v.<br><br>IGNITE INTERNATIONAL, LTD., a Wyoming limited company; and DOES 1-25, inclusive,<br><br>Defendants. | Case No: 2:21-CV-01306<br>[Los Angeles County Case No. 20STCV37942]<br><br>**IGNITE INTERNATIONAL, LTD.'S THIRD-PARTY COMPLAINT** |
| IGNITE INTERNATIONAL, LTD.,<br><br>Third-Party Plaintiff,<br>v.<br><br>JOSH RYAN, an individual dba JOSH RYAN PHOTOGRAPHY; L.A. MODELS, INC. and ROES I through X, inclusive,<br><br>Third-Party Defendants. | |

Defendant/Third-Party Plaintiff IGNITE INTERNATIONAL, LTD. ("Defendant" or "Ignite"), by its attorneys Ryan Ellis Law Corporation, hereby alleges and complains against Third-Party Defendants herein as

-1-

follows:

**NATURE OF ACTION AND RELIEF SOUGHT**

1. Plaintiff filed an action against Ignite alleging wage-related claims purportedly arising out of an employment agreement with Defendant, for which none existed and was not attached to Plaintiff's Complaint.

2. Plaintiff is a model who was hired by Third Party Defendant Josh Ryan dba Josh Ryan Photography (collectively "Ryan") through Plaintiff's agency, Third-Party Defendant L.A. Models, Inc. ("LA Models" or referred to collectively with Ryan and the ROE Defendants as "Third Party Defendants"), to participate in a photo shoot on or about October 5, 2018 (the "Photo Shoot").

3. On his own accord, Ryan signed a booking confirmation with LA Models wherein he requested that models be present for the Photo Shoot on October 5, 2018 (the "Booking Confirmation").

4. Ryan indicated in the Booking Confirmation was signing on behalf of Ignite and that Ignite was to be invoiced.

5. Despite Ryan's representations to LA Models in the Booking Confirmation, Ryan had no authority whatsoever to bind or otherwise contract on behalf of Ignite.

6. In reality, Ryan was hired by Ignite as an independent contractor to handle all aspects of the Photo Shoot.

7. Following the Photo shoot, LA Models allegedly sent an invoice to Ignite, which Ignite never received, for Plaintiff's rate plus a service charge and required payment be made to LA Models.

8. LA Models was supposed to pay Plaintiff as their employee, and evidently failed to do so.

9. Further, Ryan was responsible for payment to LA Models for Plaintiff's services.

10. Yet, Plaintiff sued only Ignite and failed to name her modeling agency or the photographer involved. It is these unnamed parties who are responsible for Plaintiff's purported claim for penalties arising out of late payment of wages relating to an October 5, 2018 photoshoot.

## JURISDICTION AND VENUE

11. Ignite incorporates by reference paragraphs 1 to 10 as if fully set forth herein.

12. This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C § 1367(a).  The claims asserted in this Third-Party Complaint arise out of the same nucleus of operative facts as the claims asserted in the Complaint, and therefore are so related to the claims asserted in the Complaint that they form part of the same case or controversy under Article III of the United States Constitution.  This Court has original jurisdiction over this action pursuant to 28 U.S.C. §1332.  The amount in controversy, exceeds the sum or value of $75,000, exclusive of interest and costs, and there is diversity of citizenship between Plaintiff and Defendant.

13. This Court also has subject matter jurisdiction over this matter pursuant to 28 U.S.C. §1332(a).  There is diversity of citizenship between Ignite and each of the Third-Party Defendants, and the amount in controversy, exceeds the sum or value of $75,000, exclusive of interest and costs.

14. Venue is proper in this District pursuant to 28 U.S.C § 1391(b)(1) and (2).  Both Third-Party Defendants are located in this district.  In addition, the events complained of that give rise to the claims arose in this District.

/ / /

/ / /

/ / /

IGNITE INTERNATIONAL, LTD.'S THIRD PARTY COMPLAINT

## PARTIES

15. Third Party Plaintiff Ignite is a Wyoming corporation with its nerve center outside of California or Colorado.

16. Upon information and belief, Third-Party Defendant Ryan is, and at all times relevant to this Third-Party Complaint was, a resident of West Hollywood, California and operates his photography business as a sole proprietorship in West Hollywood, California.

17. Third-Party Defendant LA Models, is, and at all times relevant to this action has been a California corporation with it principal place of business in Los Angeles, California.

18. Ignite does not know the true names of the individuals, corporations, partnerships, and entities sued and identified in fictitious names as ROE ENTITIES I through X. Ignite will request leave of this Honorable Court to amend this Third-Party Complaint to allege the true names and capacities of each fictitious Third-Party Defendant when Ignite discovers the information.

## FACTUAL ALLEGATIONS COMMON TO ALL CLAIMS FOR RELIEF

19. Plaintiff is a model, who was hired through her agency, LA Models, to participate in a photo shoot on October 5, 2018.

20. The agency, LA Models, was retained by photographer, Ryan, who signed a booking confirmation with LA Models for the photo shoot on October 5, 2018.

21. In the booking confirmation, Ryan stated that he was signing for Ignite. Ryan was not an employee or an agent of Ignite, and was not authorized to sign the booking confirmation on behalf of Ignite.

22. The booking confirmation further incorrectly stated that Ignite, not Ryan, was to be billed for services. No officer or authorized agent of Ignite

signed the booking confirmation or was even aware of any booking confirmation with LA Models.

23. Ignite had hired Ryan to arrange the photo shoot and handle all aspects of said shoot as an independent contractor. The services of Ryan were for a part of Ignite's marketing campaign. Ignite did not hire LA Models nor the Plaintiff. Ryan was responsible in his agreement with Ignite for the photo shoot and the selection of the models.

24. No one from Ignite was present at the photo shoot.

25. Following the photo shoot, LA Models allegedly sent an invoice to Ignite, for Plaintiff's rate plus a service charge and required payment be made to LA Models. Ignite never received this invoice as it was sent to Ryan.

26. LA Models was supposed to pay Plaintiff as their employee, and failed to do so.

27. Ryan was responsible for payment to LA Models for Plaintiff's services.

28. Yet, Plaintiff sued only Ignite and failed to name her modeling agency or the photographer involved.

29. LA Models and/or Ryan, not Ignite, are responsible for payment of Plaintiff's wages.

30. Ryan and/or LA Models are also liable to Ignite for any damages arising out of this Complaint, including attorney's fees and costs.

## FIRST CLAIM FOR RELIEF
### (Equitable Indemnity)

31. Ignite realleges and incorporates by reference all the preceding paragraphs of this Third-Party Complaint as though fully set forth in this paragraph.

32. Each Third-Party Defendant is responsible for any and all damages allegedly suffered by Plaintiff in the underlying Complaint.

33. In the event of and to the extent that Ignite is determined to be wholly or partially liable to Plaintiff, Ignite is entitled to total or partial indemnification from Third-Party Defendants, on the basis of comparative fault, for any costs, expenses, damages or other relief incurred by or awarded against Ignite.

## SECOND CLAIM FOR RELIEF
### (Contribution)

34. Ignite realleges and incorporates by reference all the preceding paragraphs of this Third-Party Complaint as though fully set forth in this paragraph.

35. Each Third-Party Defendant is responsible for any and all damages allegedly suffered by Plaintiff in the underlying Complaint.

36. In the event of, and to the extent that Ignite is determined to be wholly or partially liable to Plaintiff, Ignite is entitled to total or partial contribution from Third-Party Defendants, on the basis of comparative fault, for any costs, expenses, damages or other relief incurred by or awarded against Ignite.

## PRAYER FOR RELIEF

WHEREFORE, Third-Party Plaintiff Ignite International, Ltd. prays for judgment against Third-Party Defendants as follows:

A. That in the event judgment is entered against Ignite based on the Plaintiff's Complaint, Ignite is entitled to total or partial indemnification and/or contribution from Third-Party Defendants, on the basis of comparative fault, for any costs, expenses, damages or other relief incurred by or awarded against Ignite.

1        B.    That Ignite be awarded costs of suit incurred in defense of Plaintiff's Complaint (and any future amendments to Plaintiff's pleadings), and in prosecution of these third-party claims.

      C.    For pre-judgment and post-judgment interest; and

      D.    For such other and further relief as the Court deems just and proper.

Dated this 18th day of February, 2021.

**RYAN ELLIS LAW CORPORATION**

*/s/ Ryan A. Ellis*
RYAN A. ELLIS, ESQ.
*Attorneys for Defendant*
Ignite International, Ltd.

IGNITE INTERNATIONAL, LTD.'S THIRD PARTY COMPLAINT