**RYAN ELLIS LAW CORPORATION**
Ryan A. Ellis, Esq. (SBN: 272868)
3268 Governor Drive, Suite 140
San Diego, CA 92122
Telephone: (858) 247-2000
Email: ryan@ryanellislaw.com

*Attorneys for Defendant/Third-Party Plaintiff*
Ignite International, Ltd.

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| CALEY RAE PAVILLARD, an individual, | Case No.: 2:21-cv-01306-RGK-E [Los Angeles County Case No. 20STCV37942] |
| Plaintiff, | *Honorable Judge R. Gary Klausner* |
| v. | |
| IGNITE INTERNATIONAL, LTD., a Wyoming limited company; and DOES 1-25, inclusive, | **DEFENDANT/THIRD-PARTY PLAINTIFF IGNITE INTERNATIONAL, LTD.'S MEMORANDUM OF CONTENTIONS OF FACT AND LAW** |
| Defendants. | |
| IGNITE INTERNATIONAL, LTD., | |
| Third-Party Plaintiff, | |
| v. | |
| JOSH RYAN, an individual dba JOSH RYAN PHOTOGRAPHY; L.A. MODELS, INC. and ROES I through X, inclusive, | Pretrial Conference: January 31, 2022 |
| Third-Party Defendants. | Trial Date: February 15, 2022 |

Pursuant to the Court's Order Re: Jury Trial (Dkt. No. 46) and L.R.

16-4, Defendant/Third Party Plaintiff Ignite International, Ltd. ("Ignite")

-1-

respectfully submits it Memorandum of Contentions of Fact and Law.

A.   <u>Summary statement of the claims plaintiff has pleaded and plans to pursue</u>

Plaintiff has one claim for relief. As alleged in Plaintiff Caley Rae Pavillard 's ("Pavillard" or "Plaintiff") Complaint (Dkt. No. 1, Exhibit A-2), Plaintiff's claim is for late wage payment penalties arising out of her "employment" as a model for a photography shoot. Id. at ¶6.

B.   <u>The elements of a claim for late wage payment penalties under the California Labor Code</u>

1.   That Plaintiff was employed by Ignite;

2.   That Plaintiff's employment with Ignite ended;

3.   That Ignite failed to pay Plaintiff all wages when due after a timely demand; and

4.   That Ignite willfully failed to pay these wages.

The term "willfully" means the employer intentionally failed or refused to pay the wages. If Plaintiff meets the above elements, she must show Ignite acted willfully. To do so, Plaintiff must also prove the following:

1.   The date on which any wage(s) were due to her;

2.   Plaintiff's daily wage rate at the time her employment with Ignite ended; and

3.   Ignite has not paid Plaintiff the wages owed to her.

The term "wages" includes all amounts for labor performed by an employee, whether the amount is calculated by time, task, piece, commission, or other method. The term "wages" also include accrued but unused vacation time.

California Civil Jury Instructions (CACI) 2700 Nonpayment of

DEFENDANT/THIRD PARTY PLAINTIFF IGNITE INTERNATIONAL, LTD.'S
MEMORANDUM OF CONTENTIONS OF FACT AND LAW

1  Wages--Essential Factual Elements (Lab. Code 201, 202, 218); *See also*
2  CACI No. 2704.

3      C.    Brief description of the key evidence in opposition to Plaintiff's
4  claim

5      1.    Testimony of Caley Rae Pavillard (Plaintiff);

6      2.    Testimony of Josh Ryan (Third Party Defendant);

7      3.    Testimony of Ignite International, Ltd.'s Person Most Qualified
8  John Schaefer;

9      4.    As to Ignite's defense that Plaintiff was not employed by Ignite,
10 Ignite intends to introduce various exhibits demonstrating that Ms. Pavillard
11 was "hired" by Josh Ryan, including but not limited to Exhibit 14 (booking
12 sheet directed to Josh Ryan) and Exhibit 15 (booking confirmation signed by
13 Josh Ryan without authority).

14     5.    As to Ignite's defense that Plaintiff and Ignite settled the
15 dispute in May 2020, Ignite intends to introduce various exhibits including
16 but not limited to Exhibit 42 (confirmation LA Models received portion of
17 settlement payment), Exhibit 11 (communication from Plaintiff evidencing
18 settlement), and Exhibit 12 (correspondence with Plaintiff, LA Models, and
19 Ignite regarding settlement of her dispute with Ignite).

20     6.    As to Ignite's defense that it did not "willfully" withhold any
21 payment to Plaintiff, Ignite intends to offer testimony that at all times Ignite
22 believed Plaintiff was an independent contractor, as well as evidence to
23 show when it was made aware of money due and owing to Plaintiff. This
24 intended evidence includes, but is not limited to LA Model's initial invoice
25 seeking payment for Ms. Pavillard's participation in the photoshoot, Mr.
26 Ryan's testimony that Ms. Pavillard and all the models were independent
27 contractors, and Ignite's testimony that it believed any participants in the

28

-3-

photoshoot were independent contractors.

D.  <u>Summary statement of the affirmative defenses and third-party claims Defendant has pleaded and plans to pursue</u>

Ignite has pled the following affirmative defenses it plans to pursue:

1.  Plaintiff's damages were caused by the acts of third parties over which Ignite had no control;

2.  Plaintiff failed to properly mitigate her damages;

3.  There is no privity of contract between Plaintiff and Ignite;

4.  Plaintiff's claims are barred by the doctrine of laches;

5.  Plaintiff's action is barred by the doctrine of waiver and consent; and

6.  Any obligation owed by Ignite to Plaintiff has been satisfied by prior performance of accord.

Ignite has pled the following third-party claims is plans to pursue:

1.  Equitable Indemnity

2.  Contribution

E.  <u>Brief description of key evidence relied on in support of each affirmative defense</u>

1.  Plaintiff's damages were caused by the acts of third parties over which Ignite had no control

During the relevant period, Plaintiff was under contract with LA Models as her agent. Plaintiff's booking by Josh Ryan (Exhibits 14, 15) was through LA Models for the one-day photoshoot. At the end of the photoshoot, Plaintiff did not demand payment nor did LA Models demand payment on her behalf. In fact, the first demand for payment from LA Models was not until at the earliest October 28, two weeks after the photoshoot concluded. Further, the first communication produced by

-4-

Plaintiff is a text message to Josh Ryan in February 2019 alleging she did not receive payment for her participation in the photoshoot. LA Models has provided similar documentation, whereby the first correspondence regarding Ms. Pavillard's alleged nonpayment is an email dated February 2019. Both of these purported correspondences are six months after the photoshoot, and any delay in payment by Ignite – to the extent Ignite owed anything to Ms. Pavillard – was caused by LA Models and/or Josh Ryan.

2.      Plaintiff failed to properly mitigate her damages and her claims are barred by laches

For the same reasons identified immediately above, namely not making any attempt to contact anyone about the alleged nonpayment until February 2019 – six months after the photoshoot – Ms. Pavillard failed to mitigate and attempt to reduce any potential damages. Even further, evidence shows that if Ms. Pavillard would have attempted to mitigate her damages, the issue would have been resolved, thereby reducing or completely eliminating any potential damages she seeks in this action. This is supported by email correspondence between Plaintiff, Ignite, and LA Models. Further, and after Plaintiff received payment under a settlement agreement between herself, Ignite, and LA Models in May 2020, she waited an additional five months to initiate her action in California State Court – almost one year after the photoshoot. Any damage(s) claimed by Plaintiff were caused by her failures in mitigating the same, and her claims were unreasonably delayed given the circumstances, entirely barring her claims.

3.      There is no privity of contract between Plaintiff and Ignite

As stated above, Ms. Pavillard's services were not sought by Ignite, instead those services were sought and approved by Josh Ryan. See Exhibits 8, 15, 16. Josh Ryan did not have authority to bind Ignite to any contracts, or

any sort of authority upon which any third party would believe he had such authority. Additionally, an additional layer of separation exists. This is because any agreement for Ms. Pavillard's participation in the photoshoot was through her modeling agency, LA Models, and not with Ms. Pavillard directly.

4.     Plaintiff's action is barred by the doctrine of waiver and consent and any obligation owed by Ignite to Plaintiff has been satisfied by prior performance of accord

Plaintiff and Ignite agreed to fully resolve the issue of Plaintiff's alleged nonpayment, culminating in a settlement payment being made by Ignite to LA Models, on Plaintiff's behalf, in May 2020. This settlement agreement was known not only by Ignite and Plaintiff, but also by LA Models. See, inter alia, Exhibits 12 and 13. Plaintiff also testified to her knowledge of the settlement, and to receiving payment from LA Models. Therefore, any and all obligations by Ignite – to the extent any such obligations existed – were waived as well as satisfied by the settlement agreement between Plaintiff and Ignite.

F.     Brief description of key evidence relied on in support of each third-party claim

1.     Equitable Indemnity

In order to prove its third-party claim for equitable indemnity, Ignite must show Josh Ryan (1) failed to use reasonable care in performing his work for Ignite under an agreement with Ignite to perform said work, and (2) Josh Ryan's conduct was a substantial factor in causing Plaintiff's harm. See CACI 3801. As discussed above, Ignite intends to introduce various exhibits demonstrating that Ms. Pavillard was "hired" by Josh Ryan, including but not limited to Exhibit 14 (booking sheet directed to Josh Ryan) and Exhibit

-6-

15 (booking confirmation signed by Josh Ryan). Due to Josh Ryan's actions (and inactions), Plaintiff, through her modeling agency, was not paid for her participation in the photoshoot. As a result, in the event Plaintiff receives a favorable judgment against Ignite, the same will be as a result of Josh Ryan's conduct, for which Ignite is entitled to indemnity.

2.      Contribution

Similar to the equitable indemnity claim, Ignite must show the following to recover against Josh Ryan for contribution: (1) a showing of fault on the part of Josh Ryan, and (2) resulting damages to Ignite for which the Josh Ryan is contractually or equitably responsible." *Expressions at Rancho Niguel Assn. v. Ahmanson Developments, Inc.*, 86 Cal.App.4th 1135, 1139 (2001), citing *Gouvis Engineering v. Superior Court*, 37 Cal.App.4th 642, 646 (1995). The same arguments apply here as above. Josh Ryan's conduct throughout September and October 2018 were not agreed to by Ignite. The evidence will show that Ignite retained the services of Josh Ryan and his expertise as a photographer to manage the photoshoot with another third-party marketing company – Soda & Lime. Josh Ryan did that, utilizing his experience and connections in the industry. In doing so, he signed agreements purportedly on Ignite's behalf without Ignite's approval and/or authorization, causing the damage Plaintiff now seeks by way of her Complaint.

G.      Identification of any anticipated evidentiary issues, together with the party's position on those issues

Ignite anticipates two evidentiary issues and has addressed these issues in its motions in limine. These anticipated issues include (1) Plaintiff's failure to identify any damages claimed or any calculations to support any such claimed damages during discovery, and (2) Third Party

1    Defendant Josh Ryan's listing of one of Ignite's attorneys, Kimberly Stein,

2    Esq., as a trial witness.

3          As to Plaintiff's failure to identify her claimed damages, Ignite seeks

4    in its Motion in Limine No. 1 to exclude any evidence of any computations

5    of any category of damages not previously disclosed pursuant to Federal

6    Rules of Civil Procedure 26 and 37(c).

7          As to Third Party Defendant Josh Ryan's intention to call one of

8    Ignite's attorneys, Ms. Kimberly Stein, as a witness, such conduct should not

9    be permitted as any of Ms. Stein's testimony is not relevant and would raise

10   attorney-client privilege, work-product, and confidentiality issues.

11         H.      Identification of any issues of law, such as the proper

12   interpretation of a governing statute, which are germane to the case, together

13   with the party's position on those issues.

14         None at this time.

15         I.      Bifurcation of Issues

16         Ignite requests that Plaintiff's damages be bifurcated in this action. In

17   the event Plaintiff prevails on her sole cause of action, a second damages

18   phase can follow. This request is based on Plaintiff's failures to provide any

19   disclosure, justification, and/or calculation of any of her claimed damages in

20   this matter for a jury to assess under the statute the amount of "penalty"

21   which is meant to punish Ignite for is actions and such penalty "shall not

22   continue for more than 30 days." *See* Labor Code §203(a).

23         J.      Jury Trial

24         All issues are triable to a jury as a matter of right. Plaintiff (Dkt. No.

25   1, Exhibit A-2) and Third-Party Defendant Josh Ryan (Dkt. No. 34) timely

26   demanded a trial by jury. Ignite intends to assert its claims and defenses by

27   way of jury trial.

28

-8-

K.   Attorneys' Fees

Ignite believes attorney's fees are not recoverable in this action in the event Plaintiff should prevail. Under Plaintiff's as-pled theory in her Complaint, the penalties sought under the applicable labor code are penalties, not wages. Therefore, any provision relating to the recovery of attorney's fees for recovery of "wages" would not apply. Plaintiff would also not be entitled to attorney's fees under Ignite's contract theory. More specifically, if the trier of fact determines Plaintiff and Ignite had reached a settlement agreement (as discussed above), since no attorney's fee provision exists in any such agreement, no attorney's fees are recoverable.

L.   Abandonment of Issues

Ignite does not abandon any issues.

Dated: January 10, 2022          **RYAN ELLIS LAW CORPORATION**

                                 */s/ Ryan A. Ellis*
                                 RYAN A. ELLIS, ESQ.
                                 *Attorneys for Defendant/Third-Party*
                                 *Plaintiff Ignite International, Ltd.*

DEFENDANT/THIRD PARTY PLAINTIFF IGNITE INTERNATIONAL, LTD.'S
MEMORANDUM OF CONTENTIONS OF FACT AND LAW

## CERTIFICATE OF SERVICE

I hereby certify that on the 10th day of January, 2022, I electronically served a copy of the foregoing **DEFENDANT/THIRD-PARTY PLAINTIFF IGNITE INTERNATIONAL, LTD.'S MEMORANDUM OF CONTENTIONS OF FACT AND LAW** in the above-entitled matter as follows:

Roger Y. Muse, Esq.
Excelsior Law
9595 Wilshire Blvd., Suite 900
Beverly Hills, CA 90212
Roger@excelsior-law.com
*Attorneys for Plaintiff*

Stephen D. Weisskopf, Esq.
Levato Law
2029 Century Park east, Suite 400
Los Angeles, CA 90067
sweisskopf@levatolaw.com
*Attorneys for Josh Ryan*

Jordanna G Thigpen, Esq.
Thigpen Legal, P.C.
9595 Wilshire Blvd., Suite 961
Beverly Hills, CA 90212
jt@thigpenlegal.com
*Attorneys for Plaintiff*

_____/s/ Ryan A. Ellis_____
An employee of Ryan Ellis Law Corporation

-1-