Stephen D. Weisskopf (SBN 213596)
sweisskopf@levatolaw.com
LEVATOLAW, LLP
2029 Century Park East, Suite 400
Los Angeles, California 90067
Telephone: (310) 734-2026

Attorneys for Third-Party Defendant
JOSH RYAN

# IN THE UNITED STATES DISTRICT COURT

# FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| CALEY-RAE PAVILLARD,<br><br>    Plaintiff,<br><br>    v.<br><br>IGNITE INTERNATIONAL, LTD,<br><br>    Defendants.<br>―――――――――――――――<br>IGNITE INTERNATIONAL, LTD,<br><br>    Third-Party Plaintiff,<br><br>    v.<br><br>JOSH RYAN, et al.<br><br>    Third-Party Defendants. | Civil Action No. 2:21-cv-01306-RGK-E<br><br>Hon. R. Gary Klausner<br><br>**THIRD-PARTY DEFENDANT JOSH RYAN'S MEMORANDUM OF CONTENTIONS OF FACT AND LAW**<br><br>Pretrial Conference:   January 31, 2022<br><br>Trial Date:   February 15, 2022 |

Pursuant to the Court's Order Re: Jury Trial (Dkt. No. 46) and L.R. 16-4, Third-Party Defendant Josh Ryan ("Ryan") respectfully submits this Memorandum of Contentions of Fact and Law.

### A. Summary Statement of Claims Against Third-Party Defendant Josh Ryan

In the main action, Plaintiff Caley Rae Pavillard ("Plaintiff") is suing Defendant Ignite International, LTD ("Ignite") under the Labor Code for failure to pay wages for a one-day photo shoot. Plaintiff is a model. Ignite hired Plaintiff for the photo shoot as part of a marketing campaign for its cannabis products. Plaintiff was one of three models hired directly by Ignite through its agent/representative Dan Bilzerian ("Bilzerian"). Specifically, Bilzerian hosted a casting call at his house for models and Plaintiff and two other models were chosen by Ignite. There is a text message from Bilzerian to Ryan wherein Bilzerian states "I hired your girls." Ignite also hired Ryan, a professional photographer, to do the photo shoot. After the photo shoot, all three models sought payment directly from Ignite. Ignite paid two of the three models, but Plaintiff was not paid, resulting in the underlying claims. After Plaintiff sued Ignite (alleging she was hired by Ignite and that Ignite had an obligation to pay her for the photo shoot), Ignite brought a third-party complaint against Ryan claiming that Ryan hired Plaintiff and was responsible for paying Plaintiff (despite the admission by Bilzerian to the contrary). Ignite brings claims against Ryan for equitable indemnity and contribution.

### B. The Elements of Ignite's Claims Against Ryan

1. Equitable Indemnity

"The elements of a cause of action for [equitable] indemnity are (1) a showing of fault on the part of the indemnitor and (2) resulting damages to the indemnitee for which the indemnitor is ... equitably responsible." *C.W. Howe Partners Inc. v. Mooradian*, 43 Cal. App. 5th 688, 700 (2019). "It is well-settled in California that equitable indemnity is only available among *tortfeasors* who are jointly and severally liable for the plaintiff's injury." *Stop Loss Ins. Brokers, Inc. v. Brown & Toland Med. Grp.*, 143 Cal. App. 4th

1036, 1040–41 (2006).  "With limited exception, there must be some basis for tort liability against the proposed indemnitor.  *Id.*

2. Contribution

The elements of contribution are essentially the same as the elements for equitable indemnity.

**C.      Key Evidence In Opposition To Ignite's Claims Against Ryan**

To prevail on its claims, Ignite must prove that Ryan hired Plaintiff and agreed to pay her.  Plaintiff testified that she attended a casting call at the house of Ignite's CEO Bilzerian and was hired by Bilzerian and Ignite and was to be paid by Ignite.  Ryan testified that he arranged for a number of models to attend the casting call so that Ignite, through its agent/representative Bilzerian, could chose the models.  Further, that Ignite hired the models and was responsible for paying the models on the day of their discharge.  Ignite has no witness that can testify that Ryan hired Plaintiff.  Indeed, the person most knowledgeable about this issue from Ignite is Bilzerian and he sent a text message to Ryan stating "I hired your girls", admitting the models were hired by Ignite.  Bilzerian's whereabouts are unknown and it is unclear if he is expected to appear at trial.  Another representative, acting on behalf of Ignite, Kimberly Stein, stated in correspondence when this dispute arose, "My Client hired LA Models" (even though as a matter of law LA Models is a talent agency and not an employer of models), yet another admission Ignite hired the models, not Ryan.  There are other communications when this dispute arose where Ignite employees acknowledged owing Plaintiff and offered to pay Plaintiff.

Additionally, all three models hired by Ignite requested payment from Ignite.  Ignite paid two of the models, but not Plaintiff.  There is evidence that a dispute arose between Ignite and one of the other models and Ignite ended up paying that model more than the contracted amount.  If Ryan was responsible for paying the models that would be reflected in his invoice and it is not.  This is just some of the evidence regarding the issue of who hired and was responsible for paying Plaintiff.

**D.     Affirmative Defenses**

Ryan has pled the following affirmative defenses:

1. Failure to state a claim.
2. No injury, loss or damage caused by Ryan.
3. Consent.
4. Waiver.
5. Justification.
6. Ratification.
7. Failure to mitigate.

**E.     Key Evidence In Support of Affirmative Defenses**

Plaintiff testified that she attended a casting call at the house of Ignite's CEO Bilzerian and was hired by Bilzerian and Ignite and was to be paid by Ignite.  Ryan testified that he arranged for a number of models to attend the casting call so that Ignite, through its agent/representative Bilzerian, could chose the models.  Further, that Ignite hired the models and was responsible for paying the models on the day of their discharge.  Ignite has no witness that can testify that Ryan hired Plaintiff.  Indeed, the person most knowledgeable about this issue from Ignite is Bilzerian and he sent a text message to Ryan stating "I hired your girls", admitting the models were hired by Ignite.  Bilzerian's whereabouts are unknown and it is unclear if he is expected to appear at trial.  Another representative, acting on behalf of Ignite, Kimberly Stein, stated in correspondence when this dispute arose, "My Client hired LA Models" (even though as a matter of law LA Models is a talent agency and not an employer of models), yet another admission Ignite hired the models, not Ryan.  There are other communications when this dispute arose where Ignite employees acknowledged owing Plaintiff and offered to pay Plaintiff.

Additionally, all three models hired by Ignite requested payment from Ignite.  Ignite paid two of the models, but not Plaintiff.  There is evidence that a dispute arose between Ignite and one of the other models and Ignite ended up paying that model more than the contracted amount.  If Ryan was responsible for paying the models that would be reflected

in his invoice and it is not. This is just some of the evidence regarding the issue of who hired and was responsible for paying Plaintiff.

### F. Anticipated Evidentiary Issues And Ryan's Position

Ignite has raised one evidentiary issue and has filed a motion to limine. Specifically, Ignite is seeking to exclude all testimony of Kimberly Stein, whose exact title in unknown, but she is believed to be an outside general counsel for Ignite. Ms. Stein wrote letters in this case where she admitted that Ignite hired LA Models, Plaintiff's modeling agency. It is unclear if Ms. Stein was writing those letters in her capacity as a lawyer for Ignite or was wearing her business hat, as general counsel's often do when they act on behalf of their company.

### G. Issue of Law

Ryan is not aware of any issues of law that the Court will need to decide relating to the third-party complaint.

### H. Bifurcation of Issues

Ryan is not seeking bifurcation.

### I. Jury Trial

Ryan would be agreeable to a bench trial despite having previously request a jury trial.

### J. Attorneys' Fees

There is no contract or statute that provides for attorneys' fees for Ignite's claims against Ryan.

DATED: January 10, 2022     LEVATOLAW, LLP

By: /s/ Stephen D. Weisskopf
Stephen D. Weisskopf
Attorneys for Third-Party Defendant
JOSH RYAN