1  Jordanna Thigpen (SBN 232642)
   **THIGPEN LEGAL, P.C.**
2  9595 Wilshire Boulevard, Ste. 961
3  Beverly Hills, CA 90212
   Telephone:   (310) 210-7491
4  Facsimile:   (310) 362-0456
   Email: jt@thigpenlegal.com
5
6  Roger Y. Muse (SBN 147120)
   roger@excelsior-law.com
7  John Matheny (SBN 149532)
   John@excelsior-law.com
8  **EXCELSIOR LAW**
   9595 Wilshire Blvd. Suite 900
9  Beverly Hills, CA 90212
10 Telephone:   (310) 205-3981
   Facsimile:   (310) 205-0594
11
12 *Attorneys for Plaintiff Caley-Rae Pavillard*
   [*Additional Counsel on Signature Page*]

13            **UNITED STATES DISTRICT COURT**

14            **CENTRAL DISTRICT OF CALIFORNIA**

15

16 CALEY-RAE PAVILLLARD, an individual,

**Case No.**: 2:21-cv-01306-RGK-E
[Los Angeles County Case No. 20STCV37942]

17        Plaintiff,
        vs.

18 IGNITE INTERNATIONAL, LTD., a Wyoming limited company; and DOES 1-25, inclusive.

**AMENDED JOINT EXHIBIT LIST**

**Date:** April 12, 2022
**Time:** 9:00 AM
**Judge:** Hon. R. Gary Klausner
**Trial Date:** February 15, 2022
**Discovery Cutoff:** November 16, 2021

20        Defendants.

21 IGNITE INTERNATIONAL, LTD., a Wyoming limited liability company,

22

23        Third-Party Plaintiff,
        v.

24 JOSH RYAN, an individual d/b/a JOSH RYAN PHOTOGRAPHY; LA MODELS, INC. and ROES 1-10, inclusive,

26

27        Third-Party Defendants.

28

Pursuant to this Court's Order for Jury Trial (Dkt. 46) and Local Rule 16-6 Caley-Rae Pavillard and Ignite International, Inc., by and through their respective counsel of record, do hereby submit the following Joint List of Trial Exhibits:

**Exhibits**

| Exhibit No. | Description | If Objection, State Grounds | If Admissible, State Grounds | Date Identified | Date Admitted |
|---|---|---|---|---|---|
| 1 | Ex. 1 to Pavillard Depo (PLTF0042-45); text messages | Ignite objects to this evidence as irrelevant and on the grounds its probative value, if any, is substantially outweighed by the danger or unfair prejudice and wasting of time pursuant to Federal Rules of Evidence, Rules 402 and 403. Evidence that Plaintiff met with individuals regarding the photoshoot and other potential modeling gigs is irrelevant as there is no evidence Plaintiff was chosen as a company spokesmodel and Plaintiff herself testified that she knew she was not a spokesmodel. Further, there is no dispute Plaintiff participated in the photoshoot. Therefore, any discussion regarding other potential modeling gigs are irrelevant, a waste of time and there is a danger it will cause the jury to confuse the issues. | This evidence goes to the circumstances of Plaintiff's employment by Ignite, including the offer of employment as conveyed to Plaintiff. It is relevant to Elements A and B of the ABC test; and multiple *Borello* factors, including but not limited to control and Ignite's usual business. | | |

| Exhibit No. | Description | If Objection, State Grounds | If Admissible, State Grounds | Date Identified | Date Admitted |
|---|---|---|---|---|---|
| 2 | Ex. 2 to Pavillard Depo (PLTF0046); text messages | | | | |
| 3 | Ex. 3 to Pavillard Depo (PLTF0050); text messages | | | | |
| 4 | Ex. 4 to Pavillard Depo (RYAN043-51); photographs | Ignite objects to this evidence as irrelevant and on the grounds its probative value, if any, is substantially outweighed by the danger or unfair prejudice and wasting of time pursuant to Federal Rules of Evidence, Rules 402 and 403. The several pieces of cumulative evidence that Plaintiff appeared in Ignite advertisements has nothing to do with whether or not she was paid nor as to who was responsible for paying her. Further, there is no dispute Plaintiff participated in the photoshoot and that Plaintiff was aware the photoshoot was for her likeness to be used in Ignite advertising. Therefore, any "proof" that her likeness was used in Ignite advertising is irrelevant, a waste of time and there is a danger it will | The evidence of the Photo Shoot is clearly relevant to establish the participants, including Mr. Bilzerian, and given Ignite's claim in its complaint against Josh Ryan that no Ignite personnel were present. It is relevant to show Elements A, B of the ABC test including control and Ignite's usual business. | | |

| Exhibit No. | Description | If Objection, State Grounds | If Admissible, State Grounds | Date Identified | Date Admitted |
|---|---|---|---|---|---|
| | | cause the jury to confuse the issues. | | | |
| 5 | Ex. 5 to Pavillard Depo (PLTF0051-52); text messages | Ignite objects to this evidence as irrelevant and on the grounds its probative value, if any, is substantially outweighed by the danger or unfair prejudice and wasting of time pursuant to Federal Rules of Evidence, Rules 402 and 403. Evidence that Plaintiff previously believed she was being considered for a spokesmodel job with Ignite is irrelevant to her sole cause of action in her Complaint and directly contradicts her testimony that she was aware that she was not chosen as a spokesmodel and is not seeking any recovery under any theory that she was some sort of spokesmodel. Therefore, any discussion regarding Ignite's spokesmodels or contest related thereto is irrelevant, a waste of time and there is a danger it will cause the jury to confuse the issues. | Plaintiff is not offering this evidence to show that she was a spokesmodel. Instead, the evidence is relevant to demonstrate that Ignite hired her, offered her payment at the rate it determined, and that using live models was a part of its usual business practices. This evidence is relevant to Elements A and B of the ABC Test as well as multiple *Borello* factors. | | |
| 6 | Ex. 6 to Pavillard Depo (PLTF0035-37); E-mail chain | | | | |

3
AMENDED JOINT EXHIBIT LIST

| Exhibit No. | Description | If Objection, State Grounds | If Admissible, State Grounds | Date Identified | Date Admitted |
|---|---|---|---|---|---|
| 7 | Soda & Lime Model Release signed by LA Models for Plaintiff (PLTF0028). | Objection. Relevance. FRE 402, 403. Whether Plaintiff permitted Ignite to use her image in the advertising for which it hired her to model is irrelevant. Plaintiff is not making any claims for misappropriation of the right of publicity; the photographic release she signed for release of her image is irrelevant to her claim for waiting time penalties. | This evidence is offered to show that Ignite retained the services of third parties to oversee and manage the marketing campaign for its cannabis product line. | | |
| 10 | Ex. 10 to Pavillard Depo (PLTF0040-41); text messages | | | | |
| 11 | Ex. 11 to Pavillard Depo; text messages between Caley Pavillard and Dan Bilzerian, PLTF 2-3 | | | | |
| 12 | Email correspondence between Plaintiff and Ignite regarding settlement between April 24, 2020 and May 15, 2020 (PLTF0014 to PLTF0023). | Objection. There is no "settlement." There can be no presentation of any "settlement" given that pursuant to Labor Code § 206.5(a), Ignite did not satisfy the wages that were due to Plaintiff prior to attempting to negotiate a waiver of her claims for waiting time penalties. These communications are only relevant to demonstrate | The objection that "there is no settlement" is not a proper objection. Ignite's position is that it reached a settlement agreement with Ms. Pavillard, which is one of its theories of this case. It is the trier of fact that will make the determination as to whether the parties reached an agreement to resolve Plaintiff's claims. | | |

| Exhibit No. | Description | If Objection, State Grounds | If Admissible, State Grounds | Date Identified | Date Admitted |
|---|---|---|---|---|---|
| | | further evidence of Ignite's willful failure to pay Plaintiff's wages when due, and since Plaintiff is not introducing them for that purpose, there is no reason to introduce it as it is otherwise inadmissible under FRE 408. | | | |
| 13 | Email correspondence between LA Models, Ignite, and Plaintiff regarding settlement between May 19, 2020 and May 22, 2020 (PLTF0005-013). | Objection. There is no "settlement." There can be no presentation of any "settlement" given that pursuant to Labor Code § 206.5(a), Ignite did not satisfy the wages that were due to Plaintiff prior to attempting to negotiate a waiver of her claims for waiting time penalties. These communications are only relevant to demonstrate further evidence of Ignite's willful failure to pay Plaintiff's wages when due, and since Plaintiff is not introducing them for that purpose, there is no reason to introduce it as it is otherwise inadmissible under FRE 408. | The objection that "there is no settlement" is not a proper objection. Ignite's position is that it reached a settlement agreement with Ms. Pavillard, which is one of its theories of this case. It is the trier of fact that will make the determination as to whether the parties reached an agreement to resolve Plaintiff's claims. | | |
| 14 | Ex. 14 to Pavillard Depo (BIL000001-3); e-mail chain | Ignite objects to this evidence as irrelevant and on the grounds its probative value, if any, is substantially | This evidence is relevant to show that Ignite knew Pavillard had not been paid at least as of May 24, 2019, if not before | | |

| Exhibit No. | Description | If Objection, State Grounds | If Admissible, State Grounds | Date Identified | Date Admitted |
|---|---|---|---|---|---|
| | | outweighed by the danger or unfair prejudice and wasting of time pursuant to Federal Rules of Evidence, Rules 402 and 403. This chain of communication, which contains initial, pre-litigation demand letters, raises claims and theories not pursued by Plaintiff in this action. These documents do nothing to assist the trier of fact as to anything related to this matter and the contents of these documents are not related nor relevant to any issue(s) sought to be resolved at trial. This exhibit is being introduced by Plaintiff solely to inflame the jury in violation of the rules of evidence. | that, and yet willfully decided not to pay her. It is relevant to her claim that Ignite willfully failed to pay her wages when due (Labor Code §§ 201, 203). | | |
| 15 | Booking confirmation dated October 12, 2018 (PLTF0004). | Objection. FRE 402, 403. Given that LA Models has been dismissed, and given Ignite's admissions at its deposition regarding its alleged knowledge of Plaintiff's services, this Booking Confirmation (sent after the Photo Shoot and after Ignite had accepted and agreed to pay for | The grounds for the stated objection(s) are not correct. This document is offered by Ignite to support its defense in that it (Ignite) did not hire Plaintiff in any capacity, but that Third-Party Defendant Josh Ryan did. | | |

| Exhibit No. | Description | If Objection, State Grounds | If Admissible, State Grounds | Date Identified | Date Admitted |
|---|---|---|---|---|---|
| | | Plaintiff's services), is irrelevant and confusing for the jury. It does not prove any element of Plaintiff's claim or any of Ignite's defenses. | | | |
| 16 | Booking Sheet (PLTF0026). | Objection. FRE 402, 403. This document was never provided to Ignite, Josh Ryan, or even to Plaintiff in advance of the Photo Shoot. Given that LA Models has been dismissed, and given Ignite's admissions at its deposition regarding its alleged knowledge of Plaintiff's services, this Booking Confirmation (sent after the Photo Shoot and after Ignite had accepted and agreed to pay for Plaintiff's services), is irrelevant and confusing for the jury. It does not prove any element of Plaintiff's claim or any of Ignite's defenses. | The grounds for the stated objection(s) are not correct. This document is offered by Ignite to support its defense in that it (Ignite) did not hire Plaintiff in any capacity, but that Third-Party Defendant Josh Ryan did. This is an additional, unique document that identifies someone other than Ignite as the person responsible for engaging Plaintiff for the photoshoot, in support of Ignite's defense. | | |
| 20 | Ex. 20 to Ryan, Ignite & Anastas Depos (RYAN0001); September 22, 2018 e-mail from Jonathan Anastas | | | | |

| Exhibit No. | Description | If Objection, State Grounds | If Admissible, State Grounds | Date Identified | Date Admitted |
|---|---|---|---|---|---|
| 21 | Ex. 21 to Ryan Depo (RYAN0005-8); e-mail chain | | | | |
| 22 | Email Correspondence between Josh Ryan, Ignite, and third parties regarding moving the ball forward (RYAN0033 to RYAN0036). | Objection. FRE 402, 403. Whether Ignite hired a third party advertising agency to perform craft services is not relevant to any claims in this action. Further, Ignite did not identify any witnesses from this entity, or provide its communications with this third party, despite multiple requests to do so across multiple forms of discovery. Its purported PMK could not identify anyone from this entity that performed any work. It would be prejudicial for Ignite to introduce a single communication with this party, when it has failed to provide everything else. The document is hearsay given what it is being offered for. FRE 803. | This evidence is offered to show that Ignite retained the services of third parties to oversee and manage the marketing campaign for its cannabis product line. This communication goes against Plaintiff's "ABC Test" arguments and shows that control of the photoshoot was not in its hands, but in the hands of third parties. | | |
| 23 | Ex. 23 to Ryan, Ignite & Anastas Depos (RYAN0037-38); Call Sheet | | | | |
| 25 | Ex. 25 to Ryan Depo (RYAN39-40); e-mail chain; e-mail chain | | | | |

| Exhibit No. | Description | If Objection, State Grounds | If Admissible, State Grounds | Date Identified | Date Admitted |
|---|---|---|---|---|---|
| 27 | Ex. 27 to Ryan Depo (RYAN0009-12); e-mail chain | | | | |
| 29 | Ex. 29 to Ryan Depo (RYAN0075-98); text messages Bilzerian and Ryan | Ignite objects to this exhibit on hearsay grounds (FRE 801) to which no exception or exemption applies. This document contains a string of messages which constitute out of court statements which Plaintiff is attempting to use to prove certain aspects of her case. Plaintiff is seeking to offer text messages between Third Party Defendant Ryan and a non-party to this litigation, Dan Bilzerian, in an attempt to bind Ignite International to statements made by Mr. Bilzerian, a direct violation of the hearsay rule. | Dan Bilzerian is a former officer of Ignite and its self-proclaimed founder, CEO. He personally participated in all aspects of the Photo Shoot on behalf of Ignite. The messages are therefore admissible as either non-hearsay (FRE 801(d)(2)) or as exceptions to the hearsay rule (FRE 803(1), FRE 803(6)). | | |
| 30 | Ex. 30 to Ryan Depo (RYAN0099-108); photographs | Ignite objects to this evidence as irrelevant and on the grounds its probative value, if any, is substantially outweighed by the danger or unfair prejudice and wasting of time pursuant to Federal Rules of Evidence, Rules 402 and 403. These pictures taken by Third Party Defendant Josh Ryan are irrelevant to | The evidence of the Photo Shoot is clearly relevant to establish the participants, including Mr. Bilzerian, and given Ignite's claim in its complaint against Josh Ryan that no Ignite personnel were present. It is relevant to show Element B of the ABC test and multiple *Borello* factors including control and | | |

| Exhibit No. | Description | If Objection, State Grounds | If Admissible, State Grounds | Date Identified | Date Admitted |
|---|---|---|---|---|---|
| | | whether or not Plaintiff was an employee of Ignite and/or whether she received payment for her participation in the photoshoot. There is no dispute that Plaintiff participated in the photoshoot. Therefore, these pictures do nothing to assist the trier of fact as to anything related to this matter and the contents of these documents are not related nor relevant to any issue(s) sought to be resolved at trial. | Ignite's usual business. | | |
| 31 | Ex. 31 to Ryan Depo (PLTF0001); Instagram post | | | | |
| 32 | Ex. 32 to Ryan Depo (PLTF0057-59); photographs of billboards | Ignite objects to this evidence as irrelevant and on the grounds its probative value, if any, is substantially outweighed by the danger or unfair prejudice and wasting of time pursuant to Federal Rules of Evidence, Rules 402 and 403. These documents are pictures of billboards published for Ignite International. These documents do not advance any of Plaintiff's claims, as there is no dispute that | The evidence of the use of the billboards is relevant to show Element B of the ABC test and *Borello* factors concerning Ignite's business. They also go to whether Ignite willfully paid to pay Plaintiff, i.e., whether it was running public advertisements even as it refused to pay Plaintiff. | | |

| Exhibit No. | Description | If Objection, State Grounds | If Admissible, State Grounds | Date Identified | Date Admitted |
|---|---|---|---|---|---|
| | | Plaintiff participated in the photoshoot and there is no dispute that the pictures taken at the photoshoot were utilized in some form or fashion in public. Therefore, these pictures do nothing to assist the trier of fact as to anything related to this matter and the contents of these documents are not related nor relevant to any issue(s) sought to be resolved at trial. | | | |
| 33 | Email correspondence from LA Models to Josh Ryan dated February 20, 2019 regarding undeliverable email address for Ignite (LAM0019 to LAM0022). | This document is hearsay without exception as it is being offered to prove the truth, that the particular email address bounced back. It will confuse the issues given that LA Models has been dismissed from this lawsuit FRE 803. | This document goes to notice, specifically the fact that Ignite was not placed on any form of notice as to Plaintiff's alleged wage claims until approximately six (6) months after the photoshoot. | | |
| 34 | Ex. 34 to Ryan Depo (RYAN0052-63); text messages with Bilzerian and Ryan | Ignite objects to this exhibit on hearsay grounds (FRE 801) to which no exception or exemption applies. This document contains a string of messages which constitute out of court statements which Plaintiff is attempting to use to prove certain aspects of her case. Plaintiff is seeking to offer text | Dan Bilzerian is a former officer of Ignite and its self-proclaimed founder, CEO. He personally participated in all aspects of the Photo Shoot on behalf of Ignite. The messages are therefore admissible as either non-hearsay (FRE 801(d)(2)) or as exceptions to the hearsay rule (FRE 803(1), FRE | | |

| Exhibit No. | Description | If Objection, State Grounds | If Admissible, State Grounds | Date Identified | Date Admitted |
|---|---|---|---|---|---|
| | | messages between Third Party Defendant Ryan and a non-party to this litigation, Dan Bilzerian, in an attempt to bind Ignite International to statements made by Mr. Bilzerian, a direct violation of the hearsay rule. | 803(6)). | | |
| 35 | Ex. 35 to Ryan Depo; photographs of billboards, PLTF 29-33 | Ignite objects to this evidence as irrelevant and on the grounds its probative value, if any, is substantially outweighed by the danger or unfair prejudice and wasting of time pursuant to Federal Rules of Evidence, Rules 402 and 403. These documents are pictures of billboards published for Ignite International. These documents do not advancer any of Plaintiff's claims, as there is no dispute that Plaintiff participated in the photoshoot and there is no dispute that the pictures taken at the photoshoot were utilized in some form or fashion in public. Therefore, these pictures do nothing to assist the trier of fact as to anything related to this matter and the contents of | The evidence of the use of the billboards is relevant to show Element B of the ABC test and *Borello* factors concerning Ignite's business. They also go to whether Ignite willfully paid to pay Plaintiff, i.e., whether it was running public advertisements even as it refused to pay Plaintiff. | | |

| Exhibit No. | Description | If Objection, State Grounds | If Admissible, State Grounds | Date Identified | Date Admitted |
|---|---|---|---|---|---|
| | | these documents are not related nor relevant to any issue(s) sought to be resolved at trial. | | | |
| 43 | Exhibit 43 to Ignite Deposition; Profit Corporation Annual Report (2018) | Ignite objects to this evidence as irrelevant and on the grounds its probative value, if any, is substantially outweighed by the danger or unfair prejudice and wasting of time pursuant to Federal Rules of Evidence, Rules 402 and 403. Any reference to Ignite International's financials and/or financial condition is not relevant to any claim or defense in this action. Plaintiff includes this exhibit solely to inflame the jury in violation of the rules of evidence. | This document is not any record of financials. It is an annual document taken from the Wyoming Secretary of State's website showing Ignite's officers and directors over time. Given that Ignite is purporting to claim that Dan Bilzerian had nothing to do with Ignite, Plaintiff should be entitled to refute that claim. | | |
| 44 | Exhibit 44 to Ignite depo; Ignite's Response to Pltf Pavillard's Special Interrogatories | | | | |
| 46 | Exhibit 46 to Ignite depo; Ignite's Response to Josh Ryan's First Set of Interrogatories | | | | |
| 47 | Exhibit 47 to Ignite depo; Ignite's Response to | | | | |

| Exhibit No. | Description | If Objection, State Grounds | If Admissible, State Grounds | Date Identified | Date Admitted |
|---|---|---|---|---|---|
| | Josh Ryan's First Set of RFAs | | | | |
| 48 | Email Correspondence between Josh Ryan, Ignite, and third parties regarding procurement of talent (RYAN0013-16). | | | | |
| 54 | Exhibit 54 to Anastas Deposition – 2018-10-15 Email Jonathan Anastas of Ignite and Josh Ryan re: Lorena Haliti's payment | Ignite objects to this evidence as irrelevant and on the grounds its probative value, if any, is substantially outweighed by the danger or unfair prejudice and wasting of time pursuant to Federal Rules of Evidence, Rules 402 and 403. Evidence that Ignite made any payments to third parties is not relevant to whether or not Ignite had a contractual or employment relationship (or any sort of relationship at all) with Plaintiff. Further, the terms and conditions of any third parties' agreements, payments thereon, and/or other details regarding those third parties is entirely irrelevant | This evidence (of one of the other models being paid) is relevant to show Ignite's willfulness in failing and refusing to pay Plaintiff, as well as its purported "good faith dispute" defense to the extent the Court permits Ignite to make that defense. | | |

14
AMENDED JOINT EXHIBIT LIST

| Exhibit No. | Description | If Objection, State Grounds | If Admissible, State Grounds | Date Identified | Date Admitted |
|---|---|---|---|---|---|
| | | to Plaintiff's claims herein, and/or Josh Ryan's defense of the third party complaint. | | | |
| 59 | PLTF0039 Ignite Instagram screenshot | Ignite objects to this proposed exhibit in that a copy of the same was not provided to Ignite's counsel and there is no description regarding the proposed exhibit, therefore Ignite is unable to fully review this proposed exhibit to determine whether or not it has any objection(s) to the same. Ignite reserves all rights. | This item was produced in discovery. | | |
| 60 | PLTF56: Text message Josh Ryan and Caley-Rae Pavillard | | | | |
| 65 | LAM0087 – Confirmation of payment Ignite to LA Models | | | | |
| 66 | LAM0089 - Check to Caley-Rae for $2,000 | | | | |
| 67 | Screenshot of publicly available Twitter message from Dan Bilzerian's confirmed Twitter account, posted on August 1, 2020: "Some journalist said Ignite was funding my life, bitch I been going hard for 10 yrs and been famous for | Ignite is unable to properly assess this Exhibit as no detail has been provided as to the proposed contents of this Exhibit 71. Based on the description alone, Ignite objects on hearsay grounds (FRE 801) in that Plaintiff is seemingly attempting to introduce out of | This message is relevant to support Plaintiff's showing that Dan Bilzerian is not only an agent of Ignite but its majority owner. As an admission of a party representative, is not hearsay (FRE 801(d)). The item was publicly posted and previously made | | |

15
AMENDED JOINT EXHIBIT LIST

| Exhibit No. | Description | If Objection, State Grounds | If Admissible, State Grounds | Date Identified | Date Admitted |
|---|---|---|---|---|---|
| | going hard for 7. I started Ignite 2 years ago, raised around 100 mil and I own the majority of the company, suck my dick." | court statements made by an individual (a non-party) to prove elements of her case, which is improper. | available to Defendant's counsel. | | |
| 68 | Screenshot of publicly available Twitter message from Dan Bilzerian's confirmed Twitter account, posted on August 6, 2019: "I think I've made like 100 mil this week, feels good." | Ignite is unable to properly assess this Exhibit as no detail has been provided as to the proposed contents of this Exhibit 71. Based on the description alone, Ignite objects on hearsay grounds (FRE 801) in that Plaintiff is seemingly attempting to introduce out of court statements made by an individual (a non-party) to prove elements of her case, which is improper. | As a statement of a party representative, this is not hearsay (FRE 801(d)). It is relevant to show the willfulness of Ignite's failure to pay Pavillard. The item was publicly posted and previously made available to Defendant's counsel. | | |
| 69 | Screenshot of publicly available Twitter message posted on Dan Bilzerian's confirmed Twitter account, posted on May 26, 2019: "Modeling agencies are the biggest pimps in the game right now." | Ignite is unable to properly assess this Exhibit as no detail has been provided as to the proposed contents of this Exhibit 71. Based on the description alone, Ignite objects on hearsay grounds (FRE 801) in that Plaintiff is seemingly attempting to introduce out of court statements made by an individual (a non-party) to prove elements of her case, which is | As a statement of a party representative, this is not hearsay (FRE 801(d)). It is relevant to show the willfulness of Ignite's failure to pay Pavillard. The item was publicly posted and previously made available to Defendant's counsel. | | |

| Exhibit No. | Description | If Objection, State Grounds | If Admissible, State Grounds | Date Identified | Date Admitted |
|---|---|---|---|---|---|
| | | improper. | | | |
| 70 | Screenshot of publicly available Twitter message posted on Dan Bilzerian's confirmed Twitter account, posted on October 20, 2018: "New billboards going up, 3 of the 10 @IgniteCCo spokesmodels have been chosen, 7 remaining $100,000 contracts will be given out next month." | Ignite is unable to properly assess this Exhibit as no detail has been provided as to the proposed contents of this Exhibit 71. Based on the description alone, Ignite objects on hearsay grounds (FRE 801) in that Plaintiff is seemingly attempting to introduce out of court statements made by an individual (a non-party) to prove elements of her case, which is improper. | As a statement of a party representative, this is not hearsay (FRE 801(d)). It is relevant to show the willfulness of Ignite's failure to pay Pavillard, Elements A and B of the ABC Test. The item was publicly posted and previously made available to Defendant's counsel. | | |
| 71 | Text messages regarding Plaintiff's Uber to Photoshoot (PLTF0053). | | | | |
| 72 | Email correspondence between Plaintiff, LA Models, and Ignite dated May 22, 2020 regarding settlement (LAM0072 to LAM0074). | Objection. There is no "settlement." There can be no presentation of any "settlement" given that pursuant to Labor Code § 206.5(a), Ignite did not satisfy the wages that were due to Plaintiff prior to attempting to negotiate a waiver of her claims for waiting time penalties. These communications are only relevant | The objection that "there is no settlement" is not a proper objection. Ignite's position is that it reached a settlement agreement with Ms. Pavillard, which is one of its theories of this case. It is the trier of fact that will make the determination as to whether the parties reached an agreement to | | |

17
AMENDED JOINT EXHIBIT LIST

| Exhibit No. | Description | If Objection, State Grounds | If Admissible, State Grounds | Date Identified | Date Admitted |
|---|---|---|---|---|---|
| | | to demonstrate further evidence of Ignite's willful failure to pay Plaintiff's wages when due, and since Plaintiff is not introducing them for that purpose, there is no reason to introduce it as it is otherwise inadmissible under FRE 408. | resolve Plaintiff's claims. | | |
| 73 | Email correspondence from LA Models to Ignite dated February 14, 2019 (LAM0013 to LAM0017). | | | | |
| 74 | Plaintiff's Agreement with LA Models (PLTF0073 to PLTF0075) | | | | |
| 75 | Ignite's Responses to Josh Ryan's First Set of Requests for Production of Documents* | | | | |

Dated: April 8, 2022      **THIGPEN LEGAL, P.C.**

   */s/ Jordanna G. Thigpen*
   JORDANNA THIGPEN, ESQ.
   *Attorneys for Plaintiff Caley Rae Pavillard*

Dated: April 8, 2022      **EXCELSIOR LAW**

   */s/ Roger Muse*
   ROGER MUSE, ESQ.
   JOHN MATHENY, ESQ.
   *Attorneys for Plaintiff Caley Rae Pavillard*

Dated: April 8, 2022        **RYAN ELLIS LAW CORPORATION**

                           <u>*/s/ Ryan Ellis*</u>
                           RYAN ELLIS, ESQ.
                           *Attorneys for Defendant*
                           *Ignite International, Inc.*

**<u>ATTESTATION PURSUANT TO CIVIL LOCAL RULE 5-4.3.4(a)(2)</u>**

I, Jordanna G. Thigpen, am the ECF User whose identification and password are being used to file this **JOINT EXHIBIT LIST.**

In compliance with Civil Local Rule 5-4.3.4(a)(2)(i), I hereby attest that all signatories concur in filing this document.

Dated: April 8, 2022        **THIGPEN LEGAL, P.C.**

                           <u>*/s/ Jordanna G. Thigpen*</u>
                           JORDANNA THIGPEN, ESQ.
                           *Attorneys for Plaintiff Caley Rae Pavillard*