## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:21-cv-01306-RGK-E | Date | April 28, 2022 |
|---|---|---|---|
| Title | *Caley Rae Pavillard v. Ignite International, Ltd.* | | |

| Present: The Honorable | R. GARY KLAUSNER, UNITED STATES DISTRICT JUDGE | | |
|---|---|---|---|
| Joseph Remigio | Not Reported | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

Attorneys Present for Plaintiff:   Attorneys Present for Defendants:

Not Present   Not Present

**Proceedings:**   **(IN CHAMBERS) Order re: Defendant's Motion for Judgment as a Matter of Law [DE 121]**

### I. INTRODUCTION

On October 2, 2020, Caley Rae Pavillard ("Plaintiff") filed a lawsuit against Ignite International, Ltd. ("Ignite" or "Defendant"), seeking penalties for Defendant's failure to properly pay her wages upon discharge in violation of California Labor Code § 201(a). A jury found Defendant liable, which entitles Plaintiff to waiting-time penalties under Labor Code § 203.

After trial, Defendant filed the instant motion for judgment as a matter of law under Federal Rule of Civil Procedure ("Rule") 50 ("Rule 50 Motion"). (*See* ECF No. 121.) The parties also filed briefs that address the amount in penalties that the Court should impose. (*See* ECF Nos. 120, 123.) Having read and considered the parties' briefs, the Court **DENIES** Defendant's Rule 50 Motion and **AWARDS** Plaintiff $90,000 in penalties.

### II. FACTUAL BACKGROUND[1]

Defendant hired Plaintiff, a professional model, for a photoshoot to help advertise Ignite Cannabis Co. and agreed to pay her $3,000 for her work. Plaintiff participated in the shoot, which produced photographs displayed on building wraps and billboards. The shoot took place on October 5, 2018. However, despite Plaintiff's requests for payment, Defendant did not pay her wages until May 22, 2020—nearly two years later. On that date, Defendant wired $3,000 to Plaintiff's agent, LA Models, who took a 20% cut and sent the remaining amount to Plaintiff.

---

[1] These facts summarize the case that Plaintiff argued at trial.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

| Case No. | 2:21-cv-01306-RGK-E | Date | April 28, 2022 |
|---|---|---|---|
| Title | *Caley Rae Pavillard v. Ignite International, Ltd.* | | |

### III.   DISCUSSION

The Court first addresses Defendant's Rule 50 Motion before determining the appropriate amount of waiting-time penalties.

####    A.   Rule 50 Motion

Defendant argues that it is entitled to judgment as a matter of law because the evidence presented at trial cannot support the jury's finding.

Before a case is submitted to the jury, a party may move for judgment as a matter of law. Fed. R. Civ. P. 50(a). "If the court does not grant a motion for judgment as a matter of law under Rule 50(a), the court is considered to have submitted the action to the jury subject to the court's later deciding the legal questions raised by the motion." Fed. R. Civ. P. 50(b). No later than 28 days after the entry of judgment, the party may file a renewed motion for judgment as a matter of law, *i.e.* a Rule 50(b) motion. *Id.* A "party cannot raise arguments in its post-trial motion for judgment as a matter of law under Rule 50(b) that it did not raise in its pre-verdict Rule 50(a) motion." *OTR Wheel Eng'g, Inc. v. W. Worldwide Servs., Inc.*, 897 F.3d 1008, 1016 (9th Cir. 2018).

As a preliminary matter, the Court rejects Plaintiff's argument that Defendant waived the arguments asserted in its instant Rule 50 motion. Before the jury returned a verdict, the Court allowed both parties to reserve filing a written motion under Rule 50 until April 19, 2022. Defendant timely filed its motion on that date. The Court therefore considers all arguments that Defendant raises in this motion.

A court should grant a Rule 50 motion only if "there is no legally sufficient basis for a reasonable jury to find for that party on that issue." *Reeves v. Sanderson Plumbing Products, Inc.*, 530 U.S. 133, 149 (2000). In deciding the motion, the court "must draw all reasonable inferences in favor of the nonmoving party, and it may not make credibility determinations or weigh the evidence." *Id.* Those functions "are jury functions, not those of a judge." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986). The court grants judgment as a matter of law, therefore, only when "the evidence, construed in the light most favorable to the nonmoving party, permits only one reasonable conclusion, and that conclusion is contrary to that of the jury." *White v. Ford Motor Co.*, 312 F.3d 998, 1010 (9th Cir. 2002) (quoting *Forrett v. Richardson*, 112 F.3d 416, 419 (9th Cir. 1997)).

Here, to recover waiting-time penalties, Plaintiff had to prove by a preponderance of the evidence that (1) Plaintiff's employment with Defendant ended and (2) Defendant willfully failed to pay Plaintiff her daily rate when due. (Court Instr. No. 12, ECF No. 113.) Plaintiff also had to prove her daily rate at the time her employment ended and the date on which Defendant finally paid her daily rate. (*Id.*) Defendant could avoid liability if it could prove by a preponderance of the evidence that Plaintiff

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:21-cv-01306-RGK-E | Date | April 28, 2022 |
|---|---|---|---|
| Title | *Caley Rae Pavillard v. Ignite International, Ltd.* | | |

was an independent contractor and not Defendant's employee. To prevail on its defense, Defendant needed to prove all of the following: (1) that Plaintiff is under the terms of a contract and in fact free from the control and direction of Defendant in connection with the performance of the work that Plaintiff was hired to do; (2) that Plaintiff performs work for Defendant that is outside the usual course of Defendant's business; and (3) that Plaintiff is customarily engaged in an independently established trade, occupation, or business of the same nature as that involved in the work performed for Defendant. (Court Instr. No. 13.)

The jury ultimately found that Plaintiff was not an independent contractor and that Defendant willfully failed to pay her daily rate when due after Plaintiff's employment with Defendant ended. It found that her daily rate was $3,000 and that Defendant ultimately paid Plaintiff this amount on May 22, 2020. The jury had a legally sufficient basis to make these findings, in favor of Plaintiff.

First, there was sufficient evidence that Plaintiff was not free from Defendant's control and direction, and therefore worked for Ignite as an employee, not as an independent contractor. For example, Plaintiff testified that Dan Bilzerian, Ignite's director and founder, was at the casting and the photoshoot, and that Ignite oversaw the photoshoot. She also testified that Ignite selected the day and time of the photoshoot.

There was also sufficient evidence that Defendant willfully failed to timely pay Plaintiff. It was undisputed that Plaintiff's employment ended after she participated in the one-day photoshoot on October 5, 2018, and that Defendant did not send payment to Plaintiff's agent until October 22, 2020. The parties disputed only whether this delay was willful. "Willful" means an intentional failure or refusal but does not necessarily imply a bad motive. (Court Instr. No. 12.)

Defendant argues that it did not have notice of its obligation to pay Plaintiff and therefore any failure to pay could not have been willful. The evidence, however, sufficiently establishes that Defendant had notice of its obligation. Plaintiff testified that she tried to get paid several times, including, for example, hiring an attorney in 2019 and directly reaching out to Mr. Bilzerian in April 2020. Defendant even concedes that it learned of Plaintiff's payment claim in May 2019. (Rule 50 Mot. at 13.) Given this evidence, a reasonable jury could infer that Ignite's failure to pay Plaintiff was intentional. Defendant's arguments that Ignite ordered all bills to go through another entity, Soda & Lime, and that the photographer did not have the authority to sign Plaintiff's booking confirmation on Ignite's behalf do not foreclose the jury's willfulness finding.[2]

---

[2] Defendant makes two additional arguments that the Court finds unconvincing:
  (1) Defendant argues that it did not act willfully because there was a "good faith dispute" as to "whether Plaintiff should be classified as an employee or independent contractor." (Rule 50 Mot. at 5.) A "good faith dispute that any wages

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | 2:21-cv-01306-RGK-E | Date | April 28, 2022 |
| Title | *Caley Rae Pavillard v. Ignite International, Ltd.* | | |

### B. <u>Waiting-Time Penalties</u>

California Labor Code § 203 provides that if an employer willfully fails to pay an employee's wages in violation of Labor Code § 201, "the wages of the employee shall continue as a penalty from the due date thereof at the same rate until paid or until an action thereof is commenced; but the wages shall not continue for more than 30 days." This statute is designed "to compel the prompt payment of earned wages" and is "to be given a reasonable but strict construction." *Barnhill v. Robert Saunders & Co.*, 125 Cal. App. 3d 1, 7 (1981). "The failure to pay wages has nothing to do with the number of days an employee works during the month . . . The targeted wrong is the delay in payment, a wrong that continues so long as payment is not made." *Mamika v. Barca*, 68 Cal. App. 4th 487, 493 (1998).

The parties appear to concede that the Court's calculation of penalties should be Plaintiff's daily rate multiplied by the number of days between Plaintiff's date of discharge and the date that Plaintiff was ultimately paid. (*Compare* Pl.'s Brief at 2, ECF No. 120 *with* Def.'s Brief at 3, ECF No. 123.) They only contest the numbers that the Court should use in the calculation.

Although the jury found that Plaintiff's daily rate was $3,000, Defendant argues that this finding is unsupported because it is contradicted by Plaintiff's booking confirmation that states her rate is $2,500 plus 20%. Because $500 of the $3,000 was paid to LA Models, Defendant argues that Plaintiff's rate is limited to $2,500. Defendant also made this argument at trial, and the jury rejected it when it found that Plaintiff's daily rate was $3,000. Defendant offers no law, and the Court is not aware of any, that says that an agent's fee must be excluded from a person's daily rate. Because Plaintiff's own testimony provided sufficient evidence that Plaintiff's daily rate was $3,000, the Court will not disturb the jury's finding. As to the number of days, the parties' dispute is moot because no matter which date of discharge the Court chooses—the date of the photoshoot (October 5, 2018) or the date that the booking confirmation was signed (October 12, 2018)—more than 30 days passed until Plaintiff was paid on May 22, 2022.

The Court therefore multiplies $3,000 by 30 to arrive at the penalty maximum of $90,000.

---

are due will preclude imposition of waiting time penalties under Section 203." *Amaral v. Cintas Corp. No. 2*, 163 Cal. App. 4th 1157, 1201 (2008). Defendant, however, failed to present any evidence of a good faith dispute that caused its delay in paying Plaintiff. In fact, Defendant's position was that it never knew about its obligation to pay Plaintiff; as such, it could not have disputed an obligation that it purportedly did not know about. Furthermore, Defendant ultimately and voluntarily paid Plaintiff's daily rate.

(2) Defendant also contends that Plaintiff "failed to offer any evidence that Ignite Cannabis Co. is related in any way to [Defendant] Ignite International, Ltd." (Rule 50 Mot. at 2.) The fact that both entities contain Ignite in their names is sufficient evidence for the jury to have found that they are connected.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | 2:21-cv-01306-RGK-E | Date | April 28, 2022 |
| Title | *Caley Rae Pavillard v. Ignite International, Ltd.* | | |

## IV. CONCLUSION

For the foregoing reasons, the Court **DENIES** Defendant's Rule 50 Motion and **AWARDS** Plaintiff $90,000 in penalties.

**IT IS SO ORDERED.**

                                                                                                                       _____ : _____

Initials of Preparer                  jre/k