UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CLOSED

**CIVIL MINUTES - GENERAL**

| Case No. | 2:21-cv-01306-RGK-Ex | Date | June 17, 2022 |
|---|---|---|---|
| Title | *Caley Rae Pavillard v. Ignite International, Ltd. et al.* | | |

| Present: The Honorable | R. GARY KLAUSNER, UNITED STATES DISTRICT JUDGE | | |
|---|---|---|---|
| Joseph Remigio (not present) | Not Reported | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |
| Attorneys Present for Plaintiff: | | Attorneys Present for Defendants: | |
| Not Present | | Not Present | |

**Proceedings:** (IN CHAMBERS) Order Re: Plaintiff's Motion For Attorneys' Fees and Costs [DE 133]

## I.   INTRODUCTION

On October 2, 2020, Caley Rae Pavillard ("Plaintiff") filed a lawsuit against Ignite International, Ltd. ("Ignite" or "Defendant"), seeking penalties for Defendant's failure to properly pay her wages upon discharge in violation of California Labor Code § 201(a). A jury found Defendant liable, which entitled Plaintiff to waiting-time penalties under Labor Code § 203. After trial, Defendant filed a motion for judgment as a matter of law under Federal Rule of Civil Procedure ("Rule") 50, but the Court denied the motion and awarded Plaintiff $90,000 in penalties.

Presently before the Court is Plaintiff's Motion for Attorneys' Fees and Costs. (ECF No. 133.) For the following reasons, the Court **GRANTS** Plaintiff's Motion **in part**.

## II.   FACTUAL BACKGROUND

Defendant hired Plaintiff, a professional model, for a photoshoot to help advertise Ignite Cannabis Co. and agreed to pay her $3,000 for her work. Plaintiff participated in the shoot, which produced photographs displayed on building wraps and billboards. The shoot took place on October 5, 2018. However, despite Plaintiff's request for payment, Defendant did not pay her wages until May 22, 2020—nearly two years later. On that date, Defendant wired $3,000 to Plaintiff's agent, LA Models, who took a 20% cut and sent the remaining amount to Plaintiff.

## III.   DISCUSSION

Plaintiff seeks $499,983.75 in attorneys' fees and costs. The Court finds that attorneys' fees are authorized here and awards Plaintiff $342,782.50.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CLOSED

**CIVIL MINUTES - GENERAL**

| Case No. | 2:21-cv-01306-RGK-Ex | Date | June 17, 2022 |
|---|---|---|---|
| Title | *Caley Rae Pavillard v. Ignite International, Ltd. et al.* | | |

### A. California Labor Code § 218.5 Authorizes Attorneys' Fees

In the United States, a prevailing litigant ordinarily may not collect attorneys' fees from the losing party. *Alyeska Pipeline Serv. Co. v. Wilderness Soc'y*, 421 U.S. 240, 247 (1975). An exception to the general rule exists where a statute authorizes the prevailing party to collect such fees. *Id.* at 257. The applicable statute here is California Labor Code § 218.5 ("Section 218.5"). Section 218.5 authorizes "reasonable attorneys' fees and costs to the prevailing party in any action brought for the nonpayment of wages, fringe benefits, or health and welfare or pension fund contributions." Cal. Labor Code § 218.5. Courts typically determine the reasonable fee award based on the lodestar amount[1] and use their discretion to adjust the lodestar amount upward or downward. *City of Burlington v. Dague*, 505 U.S. 557, 559 (1992).

There is no dispute that Plaintiff is the prevailing party on her claim for waiting time penalties under California Labor Code § 203 ("Section 203"). The Parties dispute whether Plaintiff's claim is an "action brought for the nonpayment of wages." See Cal. Labor Code § 218.5. The Court finds that it is.

Although Plaintiff's claim is for penalties under Section 203, this claim is *predicated* on Section 201(a) which states that "if an employer discharges an employee, the wages earned and unpaid at the time of discharge are due and payable immediately." Cal. Labor Code §201(a). Nonpayment entitles a plaintiff to penalties under Section 203. Because Plaintiff brought an action for penalties predicated on the nonpayment of wages, her claim qualifies as "an action brought for the nonpayment of wages." Section 218.5 therefore authorizes attorneys' fees. *See Kempf v. Barrett Bus. Servs.*, 336 Fed. App'x 658, 662 (9th Cir. 2009) (affirming a district court's award of attorneys' fees under § 218.5 for a violation of § 201(a)).

### B. $342,782.50 in Attorneys' Fees Is Reasonable

The lodestar amount is "the product of reasonable hours times a reasonable rate." *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983); *see also Ketchum v. Moses*, 24 Cal. 4th 1122, 1132 (2001). The fee applicant "bears the burden of establishing entitlement to an award and documenting the appropriate hours expended and hourly rates." *Hensley*, 461 U.S. at 437. There is a "strong presumption" that the lodestar represents a "reasonable" fee. *Pennsylvania v. Del. Valley Citizens' Council for Clean Air*, 478 U.S. 546, 565 (1986). The amount of fees to be awarded is ultimately within the trial court's discretion.

---

[1] Lodestar method has been adopted by both federal and state courts to calculate attorneys' fees. *Bucci v. Chromalloy Am. Corp.*, 927 F.2d 608 (9th Cir. 1991).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CLOSED

**CIVIL MINUTES - GENERAL**

| Case No. | 2:21-cv-01306-RGK-Ex | Date | June 17, 2022 |
|---|---|---|---|
| Title | *Caley Rae Pavillard v. Ignite International, Ltd. et al.* | | |

1. *Lodestar Amount*

Plaintiff asserts that her lodestar amount is $342,782.50 based on the following hourly rates and billed hours:

| Attorney | Hourly Rate | Total Hours Billed | Total Dollars |
|---|---|---|---|
| Jordanna Thigpen | $650 | 439.4 | $285,610.00 |
| Roger Y. Muse | $900 | 17.9 | $16,110 |
| John R. Matheny | $750 | 38.4 | $28,800 |
| Alyssa Schabloski | $550 | 2.6 | $1,430 |
| Law Clerks | $150 | .7 | $105.00 |
| Paralegal (Kristina Match) | $175 | 6.3 | $1,102.50 |
| Paralegal (Alisha DeHann) | $175 | 4.7 | $822.50 |
| Paralegal (Sara LeBlanc) | $175 | 50.3 | $8,802.50 |
| TOTAL | | 560.3 | $342,782.50 |

(See Muse Decl. ¶ 18, ECF No. 133; Thigpen Decl., Ex. 2, ECF No. 133.).

   a. *Reasonableness of Hourly Rates*

When determining a reasonable hourly rate, courts consider whether the stated rates "are within the range of reasonable rates charged by and judicially awarded comparable attorneys for comparable work." *Children's Hosp. & Med. Ctr. v. Bontá*, 97 Cal.App.4th 740, 783 (2002). "Affidavits of the Plaintiff's attorneys and other attorneys regarding prevailing rates in the community are satisfactory evidence of the prevailing market rate." *United Steelworkers of Am. v. Phelps Dodge Corp.*, 896 F.2d 403, 407 (9th Cir.1990).

Here, Plaintiff's attorneys and an additional expert attorney have provided affidavits regarding prevailing rates in the relevant community and Defendant does not provide any contrary evidence. Having reviewed the declarations, the Court accepts these attorneys' hourly rates as reasonable.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CLOSED

**CIVIL MINUTES - GENERAL**

| Case No. | 2:21-cv-01306-RGK-Ex | Date | June 17, 2022 |
|---|---|---|---|
| Title | *Caley Rae Pavillard v. Ignite International, Ltd. et al.* | | |

### b. *Reasonableness of Hours Expended*

With respect to the number of hours expended, Defendant argues that the total hours billed by Plaintiff's attorneys are unreasonable for several reasons. Specifically, Defendants challenge: (1) insufficient documentation of hours billed; (2) duplication of hours by Plaintiff's attorneys, Jordanna Thigpen ("Ms. Thigpen") and Roger Muse ("Mr. Muse"); (3) blatant overbilling and padding the bills; (4) Mr. Muse's involvement in the case; and (5) hours sought for travel time. The Court addresses these challenges in turn:

    (1) Defendant asserts that the documentation provided for the hours billed are insufficient to provide a proper basis for determining the amount of hours spent. While Courts may lower the number of hours expended on litigation if the supporting documentation is inadequate, *Sorenson v. Mink*, 239 F.3d 1140, 1146 (9th Cir. 2001), Plaintiff has provided sufficient documentation by attaching declarations from each of her attorneys along with billing records, which detail individualized billing items. Thus, the Court finds Plaintiff's documentation is sufficient.

    (2) Defendant asserts that the hours billed by Mr. Muse and Ms. Thigpen are duplicative and therefore excessive. As the party opposing the fee application, Defendant has the "burden of rebuttal" in challenging the reasonableness of Plaintiff's proffered billing statements. *Gates v. Deukmejian*, 987 F.2d 1392, 1397-98 (9th Cir. 1992). Rather than providing specific entries that show duplication, Defendant simply states that there was duplication of billing; it does not offer any real evidence as to why these specific billing items are unreasonable. Accordingly, the Court rejects Defendant's challenge regarding duplication of hours billed.

    (3) Defendant argues that there was blatant overbilling and padding of the bill by Plaintiff's attorneys. Again, the Court finds Defendant's argument unpersuasive because Defendant does not provide any specific evidence of overbilling and just concludes that Plaintiff's attorneys overbilled.

    (4) Defendant asserts that the hours billed by Mr. Muse are unnecessary. Specifically, Plaintiff argues that the hours billed by Mr. Muse are unreasonable because he was not involved in any proceedings in this case. Courts may exclude hours from the lodestar calculation if the time has not been reasonably expended (*e.g.*, hours that are excessive, redundant, or otherwise unnecessary). *Hensley*, 461 U.S. at 434. Here, Mr. Muse's involvement in pre-trial proceedings does not appear excessive, nor redundant. He was Plaintiff's main attorney for most of the pre-trial proceedings and became co-counsel with

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CLOSED

**CIVIL MINUTES - GENERAL**

| Case No. | 2:21-cv-01306-RGK-Ex | Date | June 17, 2022 |
|---|---|---|---|
| Title | *Caley Rae Pavillard v. Ignite International, Ltd. et al.* | | |

Ms. Thigpen when she was added as counsel over six months into litigation. These facts show that Mr. Muse's services were necessary for litigation to begin and continue. Therefore, the Court does not find the hours billed by Mr. Muse unreasonable.

(5) Defendant challenges the hours sought for travel time. "The Ninth Circuit has established that travel time and clerical tasks are reasonably compensated at normal hourly rates if such is the custom in the relevant legal market." *Blackwell v. Foley*, 724 F. Supp 2d 1068, 1080 (N.D. Cal. 2010). "It is the custom in the Central District to award attorneys' fees for reasonable travel time." *Bea-Mone v. Silverstein*, No. 817CV000550JKSDFM, 2019 WL 762676 (C.D. Cal. Feb 20, 2019); *see, e.g., Meola v. JKJ Investments Inc.*, No. SACV 04–00960–MLG, 2011 WL 1638163, at *3 (C.D. Cal. Apr. 28, 2011) (awarding travel time from San Diego, where the attorney practiced, to Santa Ana for necessary hearings). Thus, the Court finds the hours billed for travel time to be reasonable.

The total number of hours that Ms. Thigpen and Mr. Muse expended is therefore reasonable. Litigation for this case lasted 2 years, proceeded to a jury trial, and Mr. Muse and Ms. Thigpen achieved complete success for Plaintiff. There is also no evidence of excessive or unnecessary billing.

2. *Adjustment to the Lodestar Amount*

Plaintiff asserts that due to the novelty and difficulty of the issues involved, the contingent risk taken by the Plaintiff's attorneys, the preclusion of other employment due to acceptance of this case, and obtaining a significant result, an enhancement of $157,201.25 (a multiplier of 1.5) is warranted, bringing the total award to $499,983.75.

The Court may adjust the original lodestar amount based on factors including "(1) the novelty and difficulty of questions involved, (2) the skill displayed in presenting them, (3) the extent to which the nature of the litigation precluded other employment by the attorneys, and (4) the contingent nature of the fee award." *Ketchum v. Moses*, 24 Cal. 4th 1122, 1132 (2001) (*citing Serrano III, supra*, 20 Cal.3d at p. 49).

Here, the issues involved were neither novel nor difficult. Additionally, the quality of representation did not far exceed the quality of representation that would have been provided by an attorney of comparable skill. *See Ketchum*, 24 Cal.4th at 1139. Further, Plaintiff's contention that the contingent nature of the attorneys' fees under the statute warrants a lodestar enhancement is incorrect. The contingency multiplier is for real contingency-fee agreements between parties and their attorneys, not for the contingency that the attorney may or may not be awarded attorneys' fees under a statute.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

CLOSED

| | | | |
|---|---|---|---|
| Case No. | 2:21-cv-01306-RGK-Ex | Date | June 17, 2022 |
| Title | *Caley Rae Pavillard v. Ignite International, Ltd. et al.* | | |

Considering these factors, the Court finds that Plaintiff has not provided sufficient reasons for a lodestar enhancement. Accordingly, the Court does not apply a lodestar enhancement.

### IV. CONCLUSION

For the foregoing reasons, the Court **GRANTS in part** Plaintiff's Motion, awarding Plaintiff $342,782.50 in attorneys' fees and costs.

**IT IS SO ORDERED.**

                                                                     Initials of Preparer          jre/k